Filed 2/18/15  P. v. Bradley CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WYATT KIRK BRADLEY,<br><br>    Defendant and Appellant. | D065317<br><br><br><br>(Super. Ct. No. SCE325458) |


APPEAL from a judgment of the Superior Court of San Diego County, Daniel B. Goldstein, Judge.  Affirmed.

Heather L. Beugen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Allison V. Hawley, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Wyatt Kirk Bradley of one count of attempted robbery (Pen. Code,[1] §§ 664 & 211); one count of attempted carjacking (§§ 664 & 215, subd. (a)); one count of willful cruelty to an elder (§ 368, subd. (b)(1)); two counts of assault by means of force likely to cause great bodily injury (§ 245, subd. (a)(4)); and one count of battery with serious bodily injury (§ 243, subd. (d)). The jury found true allegations in three counts that Bradley inflicted great bodily injury on a person older than 70 years of age (§ 12022.7, subd. (c)).

Bradley was sentenced to a determinate term of nine years in prison.

Bradley appeals challenging only one count of felony assault on victim John Cates. As to that count, Bradley contends that notwithstanding defense counsel's specific request that no lesser included offense (LIO) instructions should be given, the court still had a sua sponte duty to instruct on the LIO of simple (misdemeanor) assault as to the one felony assault count. Bradley does not challenge any of the other convictions or true findings and does not contend that defense counsel was ineffective at trial.

On the record before us we will find that trial counsel, for valid tactical reasons, expressly waived any LIO instructions because the defense in this case was identity of the perpetrator. Thus we will find any error to have been invited and therefore the issue of the need for any possible LIO has been forfeited. We will not directly address the merits of the claimed instructional error.

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

2

STATEMENT OF FACTS

Bradley does not challenge the admissibility or the sufficiency of the evidence to support his convictions, and since we will resolve this appeal based solely on the grounds of invited error, we will include only a brief summary of the facts of the offenses. We find the summary in the respondent's brief accurate and adequate to give context to the discussion which follows and will incorporate it here.

On the night of November 14, 2012, 63-year-old John Cates and his wife Mary were behind a restaurant collecting cardboard, which they planned to recycle in order to supplement their income. Appellant approached and began talking with Mary. As John continued to load cardboard into the truck, appellant walked by the truck and looked inside "like he was going to jack it." Appellant raised his voice and claimed that it was his truck and his cardboard. Appellant got into the driver's seat of the truck while John protested. Appellant got out of the truck and started saying, "Bad guys are coming. Bad guys are coming. Get out of here." John and Mary got into the truck, but appellant opened John's door and pulled him onto the ground. While John was getting up, appellant struck him on the left side of his forehead with his closed fist and called him a "bitch." When John tried to get up, appellant struck him a second and third time in the same place, with sufficient force to knock him down.

When John got back in the truck, appellant struck Mary, who had walked around to the driver's side, and she immediately fell to the pavement, hitting her head. Noticing that his wife was unconscious and lying in a pool of blood, John started the truck, locked it, and drove to a nearby In-N-Out for help. Although John appeared to be "in a state of

3

shock" and had difficulty communicating clearly, he gave his account of the incident to the sheriff's deputies who arrived at the scene.

Both John and Mary were transported to the hospital by ambulance. John had a wound over his left eyebrow and experienced severe pain "like it was splitting open" for approximately one week, and Mary received 10 staples in her scalp.

Appellant testified that he did not hit John or Mary. His theory of the case was that they had an altercation with someone else and that he came to the couple's aid.

## DISCUSSION

During the jury instruction conference the court addressed the issue of LIO's on several occasions. In each instance trial counsel made clear he did not want any LIO instructions. Counsel also declined any instructions that might relate to diminished mental states, such as intoxication instructions. Defense counsel agreed with the trial court's observations that the defense in this case was mistaken identity. Bradley's position was that he was at the scene after the assaults and that he was trying to provide assistance. That was his explanation for the presence of one of the victim's blood on his shoes. Obviously, an LIO on one of the counts of assault would have been inconsistent with the defense position that Bradley was not the perpetrator.

Notwithstanding the defense position at trial, on appeal counsel contends the court had a sua sponte duty to instruct on the LIO of simple assault over counsel's objection.

The People have responded arguing the issue of the duty to instruct on the LIO has been forfeited under the doctrine of invited error. We agree and find the issue has been forfeited.

4

## A. Legal Principles

Trial courts have a duty to instruct on lesser included offenses, even without request, where there is substantial evidence to support such instruction. "A trial court need not deliver the instruction, however, where a defendant expresses a deliberate tactical purpose for objecting to the instruction." (*People v. Hardy* (1992) 2 Cal.4th 86, 184; *People v. Gallego* (1990) 52 Cal.3d 115, 182-183.)

Where a court grants a defendant's request, in the absence of a claim of ineffective assistance of counsel, the defendant may not claim on appeal that the trial court erred in granting the defense request. (*People v. Horning* (2004) 34 Cal.4th 871, 905-906.) The defendant does not have to personally concur in a tactical decision regarding jury instructions because trial counsel is in control of the tactical decisions in the trial court. (*People v. Bunyard* (1988) 45 Cal.3d 1189, 1235.)

The question presented by the invited error doctrine is whether the record demonstrates that the request that leads to the claimed error was made for a sound tactical reason. Where such is the case a defendant loses the ability to claim on appeal that the court erred in granting the request. (*People v. Cooper* (1991) 53 Cal.3d 771, 831.)

## B. Analysis

The record demonstrates that on two occasions the court asked if the defense wanted any LIO's. In each instance the court observed that it appeared the defense was identity. In each instance defense counsel agreed and stated clearly he was not requesting such instructions. On four occasions the defense agreed with the court's observation that the defense was an "all or nothing" defense.

5

In his reply brief Bradley contends defense counsel's agreement with the court's observations was not enough to demonstrate a reasoned tactical decision. We disagree and find counsel made deliberate decisions about the structure of the defense, which on this record were undoubtedly sound. That the defense did not prevail in the final analysis does not change the nature of trial counsel's decision. As we have observed above, we are aware there is no contention on this appeal that trial counsel was ineffective.

Given the victim's blood on his shoes, together with the other evidence, the only defense for Bradley was to try to persuade the jury that he arrived after the crime and tried to help. While one can intellectually structure an argument that says "even if you find the defendant actually committed the crime, one count might be a misdemeanor," it is manifestly obvious that in this case such an argument would impair the identity defense.

While we decline to fully address the merits of the claim of instructional error on appeal, we find the likelihood that such instruction would have possibly helped the defense to be wholly unpersuasive. Bradley struck the male victim three times with sufficient force to knock him down. When the victim did get up and go for help, witnesses described him as barely coherent. The force used to knock the victim down and knock him senseless not only supports the finding of felony assault, but rationally precludes any reasonable likelihood of a different result on that count.

6

DISPOSITION

The judgment is affirmed.


                                                      HUFFMAN, Acting P. J.

WE CONCUR:


McINTYRE, J.


AARON, J.

7